**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JOSHUA AARON WEISER,

Plaintiff,

v. Civ. No. 26-2796 GBW

TVI INC.—SAVERS,

Defendant.

**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND ORDER FOR AMENDED COMPLAINT**

THIS MATTER comes before the Court on *pro se* Plaintiff's Civil Complaint, *doc. 1*, filed August 12, 2026; Plaintiff's Application for Free Process and Affidavit of Indigency, *doc. 2*, filed August 12, 2026 ("original Application"); and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), *doc. 5*, filed September 14, 2026 ("Amended Application").

**Order Granting Application to Proceed *In Forma Pauperis***

Plaintiff filed a motion to proceed *in forma pauperis* using a form for the Third Judicial District Court, County of Doña Ana, State of New Mexico. *See* original Application. Plaintiff subsequently filed a motion to proceed *in forma pauperis* using the form for proceeding *in forma pauperis* in United States District Court. *See* Amended Application; Order to Cure Deficiency, *doc. 4*, filed August 26, 2026 (directing Plaintiff

to file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)).

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 F. App'x. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962)). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs . . . ." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Amended Application to proceed *in forma pauperis*. Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's average monthly income amount during the past 12 months is $1,175.00; (ii) Plaintiff's income amount expected next

month is $1,880.00; (iii) Plaintiff has no cash and $820.00 in a bank account; and (iv) Plaintiff's monthly expenses total $1,210.00. The Court finds that Plaintiff is unable to pay the costs of this proceeding because Plaintiff signed an affidavit stating he is unable to pay the costs of this proceeding and because his monthly expenses exceed his average monthly income during the past 12 months. Because the Court is granting Plaintiff's Amended Application, the Court denies Plaintiff's original Application as moot.

**Order for Amended Complaint**

Plaintiff filed his Complaint using the form "Civil Complaint" for the Third Judicial District Court, County of Doña Ana, State of New Mexico. Plaintiff attached a Statement of Facts, an EEOC Charge of Discrimination and other documents to his Complaint. Plaintiff alleges that he "was subjected to adverse treatment because of, among other things, his age, race/color, and sex . . . the working conditions and treatment had become intolerable, and Plaintiff had no reasonable option other than ending his employment." *Doc. 1* at 4.

The Court has identified the following deficiency in the Complaint and orders Plaintiff to file an amended complaint. *See Lowrey v. Sandoval County Children Youth and Families Department*, 2023 U.S. App. LEXIS 18027, at *4 (10th Cir. July 17, 2023) ("Given a referral for non-dispositive pretrial matters, a magistrate judge may point out

deficiencies in the complaint [and] order a litigant to show cause[.]") (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)).

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction." (citation omitted)); *Evitt v. Durland*, 2000 U.S. App. LEXIS 29783, at *2 (10th Cir. Nov. 28, 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 843 (10th Cir. 1988)).

The Complaint does not contain a short and plain statement of the grounds for the Court's jurisdiction as required by Rule 8 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8(a)(1) (a complaint "*must* contain [] a short and plain statement of the grounds for the court's jurisdiction[.]") (emphasis added).

There is no properly alleged federal-question jurisdiction because the Complaint does not allege that this action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

> "For a case to arise under federal law within the meaning of § 1331, the plaintiff's well-pleaded complaint must establish one of two things: either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law" . . . "[T]he complaint must identify the statutory or

> constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law."

*Davison v. Grant Thornton LLP*, 582 F. App'x. 773, 775 (10th Cir. 2014) (quoting *Firstenberg v. City of Santa Fe,* 696 F.3d 1018, 1023 (10th Cir. 2012); *Martinez v. U.S. Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986)). The Complaint does not identify the federal statutory or constitutional provisions under which Plaintiff's claims arise. The EEOC Charge of Discrimination and other documents that Plaintiff attached to the Complaint are not sufficient to establish jurisdiction. Statements in an exhibit attached to a complaint are not allegations for establishing jurisdiction and stating a claim. *See* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]"); Fed. R. Civ. P. 8(d)(1) ("Each allegation must be simple, concise, and direct[.]"); *Allegation*, Black's Law Dictionary (12th ed. 2024) (An "allegation" is "[s]omething declared or asserted as a matter of fact, esp. in a legal pleading; a party's formal statement of a factual matter as being true or provable, without its having yet been proved[.]").

There is no properly alleged diversity jurisdiction. *See doc. 1* at 1. To invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Symes v. Harris,* 472 F.3d 754, 758 (10th Cir. 2006). "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant." *Dutcher v.*

*Matheson*, 733 F.3d 980, 987 (10th Cir. 2013). The Complaint does not allege the citizenship of Plaintiff and Defendant.

The Court orders Plaintiff to file an amended complaint. The amended complaint must contain a statement of the grounds for the Court's jurisdiction. The amended complaint must also comply with the Federal and Local Rules of Civil Procedure. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

**Service on Defendants**

Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 which provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service at this time because the Court is ordering Plaintiff to file an amended complaint. The Court will address service after Plaintiff files an amended complaint.

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, *doc. 5*, filed September 14, 2026, is **GRANTED.**

(ii) Plaintiff's Application for Free Process and Affidavit of Indigency, *doc. 2*, filed August 12, 2026, is **DENIED as moot.**

(iii) Plaintiff shall, within 21 days of entry of this Order, file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case.

GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE